UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2015 JUL -7 P 1: 52

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| ADAM P. MCNIECE<br>  *Plaintiff*<br><br>V.<br><br>STATE OF CONNECTICUT,<br>STATE OF CONNECTICUT JUDICIAL BRANCH<br>J. PAUL VANCE, JR., in his official capacity as the<br>Claims Commissioner for the State of Connecticut<br>GEORGE JEPSEN, in his official capacity as the<br>Attorney General for the State of Connecticut<br>TOWN OF WATERFORD<br>RYAN RYAN DELUCA LLP<br>  *Defendants* | CIVIL ACTION NO.: 3.15 CV 1036 MPS<br><br><br><br><br><br><br><br>JULY 6, 2015 |

## COMPLAINT

Plaintiff Adam P. McNiece brings this Complaint for failure to provide him with reasonable accommodations under the Americans with Disabilities Act, violations of the Connecticut Freedom of Information Act, Connecticut General Statute §1-200 *et seq.*, and violations of his procedural and substantive due process rights under the federal and state Constitutions, against the Defendants, State of Connecticut, Connecticut Judicial Branch, Connecticut Claims Commissioner, Connecticut Attorney General, Town of Waterford and Ryan Ryan Deluca, LLP.

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12186 *et seq.* ("ADA").

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the Unites States;

    b. 28 U.S.C. § 1367, which gives the district court supplemental jurisdiction over state law claims.

3.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4.    Plaintiff, Adam P. McNiece ("Plaintiff McNiece"), is a citizen of the United States and resides in the County of New London, State of Connecticut, which is in this judicial district.

5.    Defendant State of Connecticut is located within the northeast region of the United States of America and is responsible for the policies and practices of local state agencies.

6.    Defendant State of Connecticut Judicial Branch ("Defendant Judicial Branch") is responsible for operating the different court systems in the state and to ensure that all members of the public, including those individuals who require a reasonable accommodation due to a disability, have full and fair access to the courts. Defendant Judicial Branch states on its website at www.jud.ct.gov that "The mission of the Connecticut Judicial Branch is to serve the interests of justice and the public by resolving matters brought before it in a fair, timely, efficient and open manner."

7.    Defendant Judicial Branch operates and controls the Human Resource Management Unit which is charged with ensuring full compliance with the requirements of the ADA.

8.      Defendant Claims Commissioner, J. Paul Vance, Jr., is an appointed official by the State of Connecticut and decides who is allowed to sue the State of Connecticut.

9.      Defendant Attorney General, George Jepsen, is the chief civil officer of the State of Connecticut.

10.     Defendant Town of Waterford is a municipality located within the State of Connecticut.

11.     Defendant Ryan Ryan Deluca LLP is a law firm consisting of municipal attorneys representing the Defendant Town of Waterford.  Defendant Ryan Ryan Deluca LLP have a principal place of business in Stamford, Connecticut.

**COUNT I**
**DISCRIMINATION BASED ON DISABILITY AGAINST DEFENDANT STATE OF CONNECTICUT AND DEFENDANT CONNECTICUT JUDICIAL BRANCH**

12.     Plaintiff McNiece is a person with a disability who suffers from chronic, debilitating migraines which are triggered by reading text.

13.     Plaintiff McNiece is a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

14.     The ADA and its implementing regulations prohibit discrimination on the basis of disability by public accommodations and require public entities like the Defendants to design, construct and alter their facilities and services in order to meet the needs of qualified individuals with disabilities such as the Plaintiff.

15.     On or about June 30, 2014, plaintiff McNiece submitted a request for a reasonable accommodation to the ADA contact person for the Superior Court located in New London, Connecticut.

16.     Plaintiff McNiece's reasonable accommodation request included a request for the audio transcripts of court hearings in civil matters in which he is the plaintiff.

17.     Sometime thereafter, plaintiff McNiece's request was forwarded to the State of Connecticut Office of the Executive Director.  The Court Planner in that office, Heather Collins, sent correspondence to plaintiff McNiece dated July 17, 2014 demanding that a licensed health care provider who has provided treatment to McNiece within the past 12 months answer a list of six (6) questions before the request for a reasonable accommodation can be considered.

18.     Plaintiff McNiece submitted the request to his licensed health care provider who timely responded to the inquiries.

19.     Notwithstanding, no reasonable accommodation was ever provided to plaintiff McNiece.

20.     On or about July 24, 2014, Plaintiff McNiece filed an ADA Grievance with the Judicial Branch's Human Resource Management Unit to no avail.

21.     Plaintiff McNiece has had numerous court hearings since the time that he submitted his initial request for a reasonable accommodation due to his disability and the subsequent ADA Grievance.

22.     Defendants State of Connecticut and Connecticut Judicial Branch known now as Defendants have denied Plaintiff McNiece with reasonable ADA accommodations of audio recordings (which in fact, have already been determined to be the public domain 5 years ago by then Chief Justice Joette Katz , Nov 4, 2010- *See* report attached as Exhibit A; *see also* audio recording attached as Exhibit B).

23.     As a direct and proximate result of the Defendants' violation of 42 U.S.C. § 12186, Plaintiff has been aggrieved and sustained damages.

## COUNT II
## VIOLATION OF 42 U.S.C. § 12186 AGAINST DEFENDANT TOWN OF WATERFORD

24.     The preceding paragraphs are re-alleged and incorporated herein by reference.

25.     Defendants Town of Waterford, known now as Defendant, has denied Plaintiff McNiece with reasonable ADA accommodations of audio recordings of public meetings.

26.     As a result of the foregoing, Plaintiff McNiece has been aggrieved.

**COUNT III**
**DENIAL OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS**
**AGAINST DEFENDANT CLAIMS COMMISSIONER AND**
**DEFENDANT STATE OF CONNECTICUT**

27.     The preceding paragraphs are re-alleged and incorporated herein by reference.

28.     Plaintiff McNiece is one of many oppressed citizens of the State of Connecticut that is subjugated by a tyrannical abuse of authority known as the Claims Commissioner or Defendant, who has required the Plaintiff to first submit his claims against the State of Connecticut to his office for a determination of whether the plaintiff can or cannot sue the State, despite clear and ongoing violations of the Plaintiff's state and federal rights.

29.     The Defendant or the Claims Commissioner willfully and knowingly denies Plaintiff's fundamental right of due process and other un-enumerated rights in failing to hold our State and its employees accountable or responsible for their own actions or abuses of authority. The defendant (an appointed lawyer) uses sovereign immunity as a shield to conceal negligence, malfeasance, and corruption of the state and its workers.

30.     This feudal system was created in the early 1970's by well intentioned yet perhaps overzealous legislature whom did not recognize its potential for abuse or its contradiction of fundamental law.

31.     The Defendants Claim Commissioner and State of Connecticut violate Plaintiff McNiece's rights for a full and fair hearing and a proper path or right of appeal up to and including the United States Supreme Court as promised by the U.S. Constitution.

32.     The Defendant Claims Commissioner, as authorized by the Defendant State of Connecticut, imposes his will (one man's will) upon all Connecticut Judges with only a statistically impossible chance for appeal through the legislature whom are also mostly lawyers.

33.     As a result of the foregoing, Plaintiff McNiece has been aggrieved.

**COUNT IV**
**CONFLICT OF INTEREST AS AGAINST**
**DEFENDANT ATTORNEY GENERAL GEORGE JEPSEN**

34.     The preceding paragraphs are re-alleged and incorporated herein by reference.

35.     The Claims Commissioner subjugates the populace through employing the Connecticut Attorney General, now known as defendant, and staff to claim sovereign immunity in every case even against suits for reasonable accommodations under the ADA, including the Plaintiff's suit.

36.     This is clearly a conflict of interest which positions the Attorney General Defendant by statute against its own mission statement.  Together they completely ignore congressional abrogation of this right for the common good of all citizens of Connecticut.

37.     At the dismissal of a similar state complaint the Attorney General Defendant stated. "Not everybody can sue the State of Connecticut", which begs numerous questions who is allowed to?  And what is the basis for this determination?  Where is the rhyme and reason listed?  Perhaps it is only for the elite or the lucky lottery winners?

38.     As a result of the acts or omissions of the Attorney General Defendant, Plaintiff McNiece has been aggrieved.

**COUNT V**
**VIOLATION OF THE CONNECTICUT GENERAL STATUTE 1-200 ET SEQ.**
**AGAINST DEFENDANT TOWN OF WATERFORD, DEFENDANT RYAN RYAN**
**DELUCA LLP AND DEFENDANT STATE OF CONNECTICUT**

39.     The preceding paragraphs are re-alleged and incorporated herein by reference.

40.     The Town of Waterford, Ryan Ryan Deluca LLP and Connecticut Judicial Branch now as Defendants share the shame of using taxpayer funded recording equipment to record public meetings and hearings, then refusing access to these meetings or hearings to Plaintiff McNiece and the general public, including but not limited to, reasonable records of ADA accommodation requests submitted by the Plaintiff.

## COUNT VI
### CIVIL CONSPIRACY TO DEFRAUD THE TAX PAYING PUBLIC BY MUNICIPAL ATTORNEY DEFENDANT RYAN RYAN DELUCA AND DEFENDANT TOWN OF WATERFORD

41.     The preceding paragraphs are re-alleged and incorporated herein by reference.

42.     The most disturbing aspect of this case is the civil conspiracy to defraud Plaintiff McNiece, as well as other tax payers of the Town of Waterford, by its municipal attorneys, Ryan, Ryan Deluca LLP, now known as Defendants.

43.     Defendant Ryan, Ryan Deluca LLP claim to represent both the accused corrupt public officials and the public's interest or common good. Said Defendants have filed appearances yet admitted to not having the required writs of informed consent. They know of, or reasonably should know the violations of law regarding Connecticut General Statutes and continue to conceal this from their clients the taxpaying public of the Town of Waterford. In fact they have made no attempt to inform the public of the nature, cost, or defense strategy in pending cases in which Plaintiff McNiece is a party.  Of course they continually pilfer town coffers with the assistance of the corrupted officials in secretive meetings.

44.     Defendant Ryan, Ryan Deluca LLP, and the Defendant Town of Waterford, which they represent, have an obligation to comply with Plaintiff McNiece's reasonable ADA accommodation requests, which they have refused to do to the Plaintiff's detriment.

7

## COUNT VII
## CIVIL CONSPIRACY AS AGAINST DEFENDANTS CONNECTICUT JUDICIAL BRANCH, TOWN OF WATERFORD & RYAN RYAN DELUCA, LLP

45.     The preceding paragraphs are re-alleged and incorporated herein by reference.

46.     Corruption has been allowed to continue through inaction by the Connecticut Judicial Branch now know as Defendant, whom has conspired with Defendant Town of Waterford and Defendant Ryan Ryan Deluca, LLP in the following ways:

i.      Failing to act on Plaintiff's request for mandamus.

ii.     Establishing and maintaining a bias against pro-se complainants.

iii.    Allowing multiple motions to strike.

iv.     Failing to uphold court orders.

v.      Allowing the public and pro-se to be locked out of a courtroom while opposing counsel is allowed to remain inside to argue or influence the court and its personnel.

vi.     Holding court proceedings without transcripts.

vii.    Use of court reporters over court monitors to add costs in an effort to deter the pro-se.

viii.   Holding mini trials to deny the intent and application of the ADA.

ix.     Failing to provide Plaintiff McNiece with ADA accommodations.

x.      Allowing Ryan Ryan Deluca LLP to proceed in the litigations as counsel for the Town of Waterford without securing writs of informed consent as required by the Connecticut Practice Book Rules.

8

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff McNiece requests that this Court enter judgment against the Defendants providing the following relief:

1.  Compensatory damages;

2.  Punitive damages/exemplary damages;

3.  An order placing Plaintiff in the position he would have been in had there been no violation of his rights;

4.  An order enjoining/restraining Defendants from further acts of discrimination;

5.  An award of interest, costs, and reasonable attorney's fees;

6.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

I hereby do demand a trial by jury.

THE PLAINTIFF,
ADAM P. MCNIECE

By: _____
Adam P. McNiece
11 Hathaway Road
East Lyme, CT 06333
Phone: 860-460-9636

PRO SE LITIGANT

9