UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAM P. MCNIECE,<br>*Plaintiff* | : CIVIL ACTION<br>: NO.: 3:15-CV-01036 (MPS)<br>: |
| V. | : |
| STATE OF CONNECTICUT, ET AL.<br>*Defendants* | :<br>: OCTOBER 13, 2015 |

## STATE DEFENDANT CLAIMS COMMISSIONER'S MOTION TO DISMISS

Defendant, the State of Connecticut Claims Commissioner hereby moves pursuant to Rule 12(b), subdivisions (1), (4), (5) and (6), of the Federal Rules of Civil Procedure to dismiss the above-captioned action and complaint in its entirety.

In support of this motion the State Defendant submits the following:

1. This Court lacks subject matter jurisdiction insofar as the Defendant, Claims Commissioner, is a state officer and employee acting in his official capacity and is immune from suit under the Eleventh Amendment.

**ORAL ARGUMENT REQUESTED**

2.	The Plaintiff's action is also barred by *res judicata* and collateral estoppel insofar as he brought an earlier action against the State Defendants in state court that went to judgment. McNiece v. State, No. KNL-CV-14-5014784-S.

3.	The Plaintiff lacks standing to prosecute this complaint and is not aggrieved insofar as he possesses no legally cognizable property right or interest, does not present a justifiable claim and has no claim before the Claims Commissioner.

4.	The pendency of any state administrative proceedings governing his claim is subject to the Younger abstention doctrine.

5.	The Plaintiff fails to state a claim upon which relief may be granted because adjudication of claims before the Claims Commissioner are privileged, immune from suit and subject to absolute and qualified immunity.

The legal arguments outlined above are set forth at length in the accompanying Memorandum of Law.

Respectfully submitted,

DEFENDANT,

CLAIMS COMMISSIONER
OF THE STATE OF CONNECTICUT

GEORGE JEPSEN
ATTORNEY GENERAL

Philip M. Schulz
Assistant Attorney General

BY:     /s/Thomas P. Clifford, III
Thomas P. Clifford, III
Assistant Attorney General
55 Elm Street, P.O Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5050
Fax:  (860) 808-5388
E-Mail:  thomas.clifford@ct.gov
Federal Bar #ct06241

## CERTIFICATION

I hereby certify that on October 13, 2015, a copy of the foregoing State Defendant Claims Commissioner's motion to Dismiss was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Service of this filing was also made via first class mail, postage prepaid on the following:

    Adam P. McNiece
    11 Hathaway Road
    East Lyme, CT 06333

                                        */s/Thomas P. Clifford, III*
                                        Thomas P. Clifford, III
                                        Assistant Attorney General

# RULE 12

### (a) Notice to *Pro Se* Litigants Regarding Motions to Dismiss

Any represented party moving to dismiss the complaint of a party proceeding *pro se* shall file and serve, as a separate document in the form set forth below, a "Notice to *Pro Se* Litigant Opposing Motion to Dismiss." The movant shall attach to the notice copies of the full text of Rule 12 of the Federal Rules of Civil Procedure and Local Civil Rule 7.

### Notice to *Pro Se* Litigant Opposing Motion to Dismiss As Required by Local Rule 12(a)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion to dismiss asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need to proceed with these claims because they are subject to dismissal for the reasons stated in the motion.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE OPPOSITION PAPERS AS REQUIRED BY RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IF THE DEFENDANT'S MOTION SHOWS THAT THE DEFENDANT IS ENTITLED TO DISMISSAL OF ANY OR ALL OF YOUR CLAIMS. COPIES OF RELEVANT RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's arguments for dismissal, and (2) that the allegations of the complaint are sufficient to allow this case to proceed. If you would like to amend your complaint under Rule 15 of the Federal Rules of Civil Procedure in order to respond to the alleged deficiencies in your complaint asserted by the defendant, you may promptly file a motion to amend your complaint, but you must attach your proposed amended complaint.

It is very important that you read the defendant's motion and memorandum of law to see if you agree or disagree with the defendant's motion. It is also very important that you review the enclosed copy of Rule 12 of the Federal Rules and Local Rule 7 carefully. You must file your opposition papers (and any motion to amend) with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. If you require additional time to respond to the motion to dismiss, you must file a motion for extension of time, providing the Court with good reasons for the extension and with the amount of additional time you require.

# RULE 7

# MOTION PROCEDURES

(Amended July 24, 2015)

### (a) Procedures

1. Any motion involving disputed issues of law shall be accompanied by a written memorandum of law and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a memorandum may be deemed sufficient cause to deny the motion. Unless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion, and shall indicate in the lower margin of the first page of such memorandum whether oral argument is requested. Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion. Nothing in this Rule shall require the Judge ruling on the motion to review portions of the record in response to a motion, where the moving papers do not make specific reference to such portions of the record. Notwithstanding that a request for oral argument has been made, the Judge may, in his or her discretion, deny such request. To expedite a decision or for other good cause, the Court may, on notice to all parties, rule on a motion before expiration of the 21-day period ordinarily permitted for filing opposition papers.

2. Except by permission of the Court, briefs or memoranda shall not exceed forty (40) 8 1/2" by 11" pages of double spaced standard typographical print, exclusive of pages containing a table of contents, table of statutes, rules or the like.

3. For good cause shown in the motion, a party may request expedited consideration of the motion by the Court by designating the motion as one seeking "emergency" relief.

### (b) Motions for Extensions of Time

1. Unless otherwise directed by a particular Judge with respect to cases on his or her docket, the Clerk is empowered to grant initial motions for extensions of time, not to exceed 30 days, in civil cases with regard to the following time limitations:

(a) the date for filing an answer or motion addressed to the complaint, counterclaim or third party complaint; and

(b) the date for serving responses to discovery requests.

2. All other motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

3. All motions for extensions of time, whether for consideration by the Clerk or a Judge, shall include a statement of the moving counsel that (1) he or she has inquired of opposing counsel and there is agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position. All such motions shall also indicate the number of motions for extension of time that have been filed by the moving party with respect to the same limitation. The motion may be granted ex parte notwithstanding a report of objection by opposing counsel. Opposing counsel may move within seven (7) days of an order granting a motion for extension of time to have the Court set aside the order for good cause. Agreement of counsel as to any extension of time does not of itself extend any time limitation or provide good cause for failing to comply with a deadline established by the federal rules of civil procedure, these rules or the Court.

### (c) Motions for Reconsideration

1. Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

2. In all other respects, motions for reconsideration shall proceed in accordance with Rule 7(a)1 of these Local Rules.

### (d) Reply Briefs

Reply briefs are not required and the absence of a reply brief will not prejudice the moving party. Any reply brief must be filed within fourteen (14) days of the filing of the responsive brief to which reply is being made, as computed under Fed. R. Civ. P. 6. A reply brief may not exceed 10 pages, must be strictly confined to a discussion of matters raised by the responsive brief and must contain references to the pages of the responsive brief to which reply is being made.

### (e) Withdrawal of Appearances

Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to proceed *pro se*, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a *pro se* appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a *pro se* appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

### (f) Motions to Amend Pleadings

Any motion to amend a party's pleading under Fed. R. Civ. P. 15(a) that requires leave of court shall include a statement of the moving counsel that: (1) he or she has inquired of

opposing counsel and there is agreement or objection to the motion; or (2) despite diligent effort, he or she cannot ascertain opposing counsel's position.



(https://www.cornell.edu)Cornell University Law School (http://www.lawschool.cornell.edu/)Search Cornell (https://www.cornell.edu/search/)

Federal Rules of Civil Procedure (/rules/frcp) › TITLE III. PLEADINGS AND MOTIONS (/rules/frcp/title_III)

(a) TIME TO SERVE A RESPONSIVE PLEADING.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

(3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

(4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19 (/rules/frcp/rule_19).

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 (/rules/frcp/rule_56). All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS.

(1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

(2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.

(1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

  (B) by a motion under Rule 12(c); or

  (C) at trial.

 (3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.