

# MANDATE

16-1083-cv
McNiece v. Connecticut

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand seventeen.

PRESENT:
>        GUIDO CALABRESI,
>        ROSEMARY S. POOLER,
>             *Circuit Judges,*
>        BRIAN M. COGAN,[1]
>             *District Judge.*

———————————————————————

Adam P. McNiece,

>        *Plaintiff - Appellant,*

v.                                                                                16-1083

State of Connecticut, J. Paul Vance, Jr., in his official capacity as the Claims Commissioner for the State of Connecticut, George Jepsen, in his official capacity as the Attorney General for the State of Connecticut, Town of Waterford, Ryan Ryan Deluca LLP, Judicial Branch, State of Connecticut,

>        *Defendants - Appellees.*

———————————————————————

———————————————

[1] Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

# MANDATE ISSUED ON 07/14/2017

Case 15-1039, Document 124, 07/12/2017 2076414, Page2 of 5

| | |
|---|---|
| For plaintiff-appellant: | Adam P. McNiece, pro se, Yankeetown, Florida. |
| For defendants-appellees State of Connecticut, Connecticut Attorney General George Jepsen, State of Connecticut Judicial Branch, and Connecticut Claims Commissioner: | Maura Murphy Osborne, Thomas P. Clifford, III, Assistant Attorneys General, *for* George Jepsen, Attorney General of Connecticut, Hartford, Connecticut. |
| For defendant-appellee Town of Waterford: | Mark A. Milano, Milano & Wanat LLC, Branford, Connecticut. |
| For defendant-appellee Ryan Ryan Deluca LLP: | Michael T. Ryan, Ryan Ryan Deluca LLP, Stamford, Connecticut. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Adam P. McNiece, proceeding pro se, appeals the district court's judgment dismissing his complaint. McNiece sued Connecticut, its officials and courts, the Town of Waterford, and a law firm, asserting that the state courts and the Town had violated the Americans with Disabilities Act ("ADA"), and that his right to due process was violated by the state statutory requirement that he submit his claims to the Connecticut Claims Commissioner before he could sue the State. He also raised state-law claims. The district court dismissed the federal claims based on lack of standing, sovereign immunity, and failure to state a claim, and then declined to exercise jurisdiction over the state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo dismissals for failure to state a claim and for lack of standing. *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 151 (2d Cir. 2013) (failure to state a claim); *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (standing).

Upon review, we conclude that the district court properly ruled that McNiece lacked standing to raise his due process claim, and that it properly dismissed his ADA claim against Connecticut and the Connecticut Judicial Branch. We affirm for substantially the reasons stated by the district court in its March 22, 2016 decision.

Although the district court did not explicitly discuss McNiece's request for an injunction prohibiting "further acts of discrimination," dismissal of that claim was appropriate. Sovereign immunity does not bar claims for prospective injunctive relief "against individual officers in their official capacity." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying the doctrine originated in *Ex parte Young*, 209 U.S. 123 (1908), to ADA claim). Nonetheless, dismissal of the injunctive claim was proper because McNiece did not sue an individual officer for violating the ADA and, even if he had, the district court's sovereign immunity ruling showed that he would be unable to state an ADA claim. *See Mary Jo C*., 707 F.3d at 152 ("[I]f a plaintiff cannot state a Title II claim, the court's sovereign immunity inquiry is at an end.").

As to McNiece's claim against the Town of Waterford, his complaint alleged that it had violated 42 U.S.C. § 12186 by failing to provide him "reasonable ADA accommodations of audio recordings of public meetings." Section 12186 directs the Secretary of Transportation to issue ADA regulations, and has no obvious relevance to McNiece or the Town. In dismissing this claim, the district court considered only whether McNiece stated a claim under § 12186. Because

pro se submissions must be construed liberally and interpreted "to raise the strongest arguments they suggest," *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) (citation omitted), the district court should have construed McNiece's complaint as raising a claim under Title II of the ADA for failure to accommodate his disability.

Nonetheless, we "can affirm the dismissal of a complaint on any basis supported by the record," *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 109, 117 (2d Cir. 2013), and, even if liberally construed, McNiece's complaint does not state a claim against the Town under Title II of the ADA.   To state a claim under Title II of the ADA, McNiece must allege, among other things, that, "as a practical matter," the Town "denied [him] meaningful access to services, programs or activities to which he" was "legally entitled."   *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016) (internal quotation marks and citation omitted).   McNiece did not allege that he had requested an accommodation, or that the town had denied him one.   *See Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 578 (2d Cir. 2003) ("To prevail on a reasonable accommodation claim, plaintiffs must first provide the governmental entity an opportunity to accommodate them . . . ."). Nor did he provide any facts about the relevant public meetings, such as which meetings he sought recordings of and why he needed them.   In particular, this absence of detail leaves questions as to why, and how, he lacked "meaningful access" to meetings that are open to the public and therefore could be attended in person.   Accordingly, McNiece did not plead facts sufficient to "nudge[]" his claims "across the line from conceivable to plausible."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

As to the claims that McNiece has raised for the first time on appeal, we do not generally consider claims that were not raised in the district court, *Harrison v. Republic of Sudan*, 838 F.3d

4

Case 16-1641, Document 124, 07/13/2017, 2079441, Page5 of 5

86, 96 (2d Cir. 2016), and there is no reason to do so in this case.   Finally, McNiece's complaint

raised state-law claims against a law firm that had previously represented the Town.   He does not

discuss those claims in his appellate brief, and has therefore abandoned any challenge to the

dismissal of his claims against the law firm.   *See LoSacco v. City of Middletown*, 71 F.3d 88,

92-93 (2d Cir. 1995).

We have considered all of McNiece's remaining arguments and find them to be without

merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5